## Commonwealth ex rel. Garrett v. Banmiller

*Demetrius E. Garrett*, p. p.

*John F. Hassett*, Assistant District Attorney, for respondent.

KELLEY, J., November 15, 1961.—Petitioner was sentenced for a period of two and one-half to five years

by the Honorable John A. Boyle of the Philadelphia County Court (formerly known as the Municipal Court of Philadelphia) on December 13, 1956, on the charge of fraudulently making a written instrument. On the same day, he was sent to Eastern Correctional Diagnostic Classification for violation of parole on bill 115, June term, 1952. On April 24, 1958, he completed the full sentence on his parole violation and he was reentered at this institution, at which time this sentence commenced to run.

By court order, petitioner was transferred to the State Hospital for the criminal insane at Farview on April 16, 1959, and returned by court order on September 26, 1960, to the Eastern Correctional Diagnostic and Classification Center, and after Classification was transfered to the State Correctional Institution at Philadelphia, where he is presently located.

Petitioner states that he was convicted of violating section 854 of the Penal Code of June 24, 1939, P. L. 872 (drawing a check on a bank in which there are insufficient funds), that the maximum penalty is two years and, therefore, the court erred in sentencing him to two and one-half to five years in the penitentiary.

The record clearly shows that petitioner was indicted, tried and convicted for the offense of fraudulently making a written instrument, for which the court can impose a sentence up to ten years—section 1014 of the Penal Code.

We, therefore, conclude that petitioner's contention is without merit and the rule to show cause why a writ of habeas corpus should not be issued is hereby discharged.